UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BRADLEY GRIFFIN, ) | |
| ) | Civil Action Number: 2:11-cv-03539-SB-BM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFENDANTS' RESPONSE TO THE** |
| ) | **REPORT AND RECOMMENDATION** |
| THE CITADEL AND DENNIS LANE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Defendants, The Citadel, The Military College of South Carolina, and Dennis Lane, hereby file their Response to the Magistrate's Report and Recommendation. Defendants object to that portion of the Report and Recommendation that Plaintiff Bradley Griffin's common law claims should be remanded to the state court pursuant to the recommendation that Griffin's Title VII claims be dismissed.

### *LEGAL STANDARD*

Pursuant to 28 U.S.C. § 1367(a), "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Section 1367 does not establish a mandatory rule to be applied across the board in all cases. *See Rosado v. Wyman*, 397 U.S. 397, 403 (1970). Rather, it is a recognition "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . –judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

"Once a district court has dismissed the federal claims in an action, it maintains `wide discretion' to dismiss the supplemental state law claims over which it properly has

{Client Matter\000001\0517\MTN\00415974.DOC}

supplemental jurisdiction." *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006) (*citing Cohill*, 484 U.S. at 353-54). In exercising such discretion, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (*citing Cohill*, 484 U.S. at 350 n.7).

### *ARGUMENT*

While these Defendants do not have the temerity to even remotely suggest that this Court does not have wide discretion under § 1367(a) to remand plaintiff's state law claims back to the Charleston County Court of Common Pleas, the Defendants do, in fact, believe that to do so under the present facts would be a huge waste of this Court's resources, inconvenient and unfair to the parties, and contrary to the principles of judicial economy. Having spent months litigating the merits of this case pursuant to the Local District Court Rules and abiding by the strictures of the Scheduling Order, which included a mandate to mediate the dispute, the Defendants feel fortunate that this Court saw fit to grant their Motion for Summary Judgment, in part, by dismissing Plaintiff's Title VII claims. But just as one hand giveth, this Court has also taken something precious away[1]—the retention of jurisdiction to ultimately rule on the merits of Griffin's remaining state law claims.

It can hardly be disputed that at this moment this Court is in the best position to rule on the merits of Plaintiff's breach of contract and slander claims.[2] As aptly shown by even a cursory reading of the Report and Recommendation, the Magistrate conducted a

---

[1] *See* Book of Job 1:21 King James Version ("Naked came I out of my mother's womb, and naked shall I return thither: the LORD gave, and the LORD hath taken away; blessed be the name of the LORD.").
[2] There is precedent for this Court's exercise of supplemental jurisdiction over plaintiff's breach of contract and slander claims. In *Sellers v. South Carolina Autism Society*, 861 F.Supp.2d 692 (D.S.C. 2012), the District Court adopted, in part, the Magistrate's recommendation to dismiss plaintiff's federal claim under 42 U.S.C. § 1981, and to retain supplemental jurisdiction in order dismiss (over plaintiff's objections) the state law claims for breach of contract, interference with contractual relations, and slander. *Id*.

comprehensive and exhaustive analysis of the parties' claims and defenses through his review of the respective briefs, deposition transcripts, and numerous exhibits. The Magistrate, and by extension, this Court, has such a nuanced view of the parties' positions that his well-written Order even touched on issues not contemplated by either of the parties. Where, as is the case here, the Plaintiff's breach of contract and slander claims are exclusively premised on the same sets of facts that the Magistrate has so extensively addressed in its Report and Recommendation, it makes absolute sense from a fairness/convenience and judicial economy standpoint to address the merits of that claim now via summary judgment rather than remand the case back to state for another set of judicial eyes to view, and waiting perhaps a year, before the matter is ripe for trial.

As argued in Defendants' brief supporting the Motion for Summary Judgment, Griffin has not disputed the underlying allegations by The Citadel that he engaged in conduct which amounted to a breach of his employment contract. *See* Defendants' Memorandum in Support, p. 31-32 ("What makes the award of summary judgment justified in this breach of contract action is that Griffin essentially admitted to the actions set forth in paragraph 1-5 of the "Findings" section of Col. Trez's report. Although Griffin equivocated at times during his deposition testimony about what exactly happened during these incidents, the fact that they occurred was not denied."). It would be one thing if Griffin denied the basic allegations made by The Citadel regarding the performance of his employment contract; if he had, then the Defendants would have no argument against the Court's decision not to exercise supplemental jurisdiction over the state law claims.

Under South Carolina law, "[if] the fact finder finds a contract to terminate only for cause, he must determine whether the employer had a reasonable good faith belief that

sufficient cause existed for termination." *Prescott v. Farmers Telephone Co-op., Inc.,* 491 S.E.2d 698, 705 (S.C. App. 1997 ), *rev'd on other grounds,* 516 S.E.2d 923 (S.C. 1999).  The "focus [is not] on whether the employee actually committed misconduct; instead, the focus must be on whether the employer reasonably determined it had cause to terminate. *Id.;  Conner v. City of Forest Acres,* 560 S.E.2d 606, 615 (S.C. 2002).  Here, Griffin did not deny the essential nature of his conduct; rather, he only argued the degree in which he engaged in the wrongful acts alleged by The Citadel, a distinction which the Magistrate readily recognized:

> With respect to whether Plaintiff was satisfactorily performing his job, *the Defendant has submitted substantial evidence to show that Plaintiff was not performing his job at a level satisfactory to his supervisors*. See Defendant's Exhibits E, H, K, M, N, O, R and S; see also Mercado Deposition, p. 16. Although *Plaintiff does not dispute many of the factual assertions made by the Defendant* with respect to his employment, he strongly objects to Defendant's characterizations of how he was doing his job, offering explanations for why he acted as he did while also contending that Colonel Lane was retaliating against him.  Plaintiff's Deposition, pp. 109, 112, 128, 140, 152; Lane Deposition, pp. 32, 34-35, 43.

Magistrate's Report and Recommendation, p. 12-13 (emphasis in italics added).[3]

The Court should similarly reject the Magistrate's recommendation to remand the slander claim.  The Defendants' summary judgment motion requesting dismissal of the slander claim was narrowly based on the contention that any statements by Defendant Lane that could have been slanderous were protected by a qualified or conditional privilege.  *See* Defendants' Memorandum in Support, p. 36-40.  Where Griffin offered no evidence disputing the fact that Lane's allegedly slanderous statements were communicated outside the Human Resources or military Chain of

---

[3] Of course, if Griffin's breach of contract claims fails, his tortuous interference with contract claim should likewise be dismissed.

Command that exists at The Citadel to address such employment disputes, judicial economy and fairness to the parties militates in favor of this Court making a decision on what amounts to a purely legal issue regarding the slander claim.[4]

## CONCLUSION

The Magistrate's Report and Recommendation regarding the remand of the state law claims should not be adopted. It would be unfair and inconvenient for the parties to have to re-litigate, re-brief and re-argue these issues before the state court where they have been fully brief and vetted by the Magistrate. Judicial economy necessitates this Court retaining jurisdiction over the state law claims and issuing a ruling on the merits of same pursuant to Defendants' Motion for Summary Judgment.

        BARNWELL WHALEY PATTERSON & HELMS, LLC

        By: s/Craig E. Burgess
            M. Dawes Cooke (Fed. No. 288)
            mdc@barnwell-whaley.com
            Craig E. Burgess (Fed. No. 5894)
            cburgess@barnwell-whaley.com
            885 Island Park Drive (29492)
            P O Drawer H
            Charleston, SC 29402
            843-577-7700 FAX 843-577-7708

*ATTORNEYS FOR DEFENDANTS, THE CITADEL, THE MILITARY COLLEGE OF SOUTH CAROLINA, AND DENNIS LANE*

June 10, 2013

Charleston, South Carolina

---

[4] Griffin's testimony cited at pages 39-40 of the Defendants' brief clearly demonstrates that no evidence exists that statements made by Lane were communicated outside his limited chain of command to people with a definite interest in Griffin's employment, i.e., Col. Dennis Carpenter, Col. Leo Mercado and Lt. Col. Kevin Dopf.